UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| ASHA K. SPAULDING, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV615-107 |
| | ) | CR612-017, CR613-001 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **ORDER**

Asha K. Spaulding moves under 28 U.S.C. § 2255 to vacate, set aside, or correct her federal sentence. Doc. 1. On preliminary screening, the Court denied her motion based on Spaulding's waiver of her direct and collateral appeal rights. Doc. 3 at 4 (recommending denial based on movant's sworn statement in her plea agreement); doc. 5 (adopting recommendation as judgment of the Court). Movant appealed, and the Eleventh Circuit vacated and remanded for further proceedings to "accord the parties fair notice and an opportunity to present their positions" before disposing of the case based on the plea waiver, which Spaulding did not have the chance to address prior to adoption of the recommendation. Doc. 18 (appeal opinion, quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)); *see* doc. 6 (objection to the report and recommendation timely signature-filed but received by the Court

*after* entry of the Order Adopting).  The Court therefore directed the Government to respond to Spaulding's motion and permitted Spaulding to respond, to specifically address the plea-waiver issue as well as address her motion on the merits.  Doc. 19.  The Government has moved to dismiss Spaulding's motion, arguing, *inter alia*, that she waived her collateral attack rights in her plea agreement.  Doc. 21.

Spaulding, apparently misunderstanding the nature of the Eleventh Circuit's remand, concludes that "the 'waiver' issue" is "res judicata" and thus settled.  Doc. 24 at 2.  She seems to believe that the Government's failure to raise the collateral attack waiver resulted in a waiver of that defense.  *See id.*  But the Court initially denied her motion by raising Spaulding's collateral attack waiver *sua sponte* — without waiting for *either* the Government or Spaulding's response.  *See* doc. 3.  The Government, in other words, has not waived the issue.  The Eleventh Circuit ordered this Court to give Spaulding the opportunity to meaningfully respond to the collateral attack waiver in her plea agreement.  Doc. 18.  Given this directive, the Court will provide Spaulding one more chance to address the merits of the Government's arguments.

Spaulding is **ORDERED** to file her opposition to the Government's motion to dismiss her § 2255 motion, if any, within **30 days** of service of this

2

Order.[1] If she fails to timely oppose the motion, the Government's motion to dismiss will be construed as unopposed. *See* S.D. Ga. L. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

    **SO ORDERED,** this __19th__ day of April, 2019.

                                          /s/ Christopher L. Ray
                                          CHRISTOPHER L. RAY
                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA

---

[1] To aid Spaulding in her endeavor, the Clerk is **DIRECTED** to enclose a copy of the Government's motion to dismiss (doc. 21) with this Order.